# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **D.H. and J.W.**

**No. 16-0448** (Wood County 15-JA-106 & 15-JA-175)

**FILED**

**November 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother B.W., by counsel Debra L. Steed, appeals the Circuit Court of Wood County's March 3, 2016, order terminating her parental rights to three-year-old D.H. and five-month-old J.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Robin S. Bonovitch, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period and her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2015, the DHHR filed an abuse and neglect petition against petitioner alleging that she abused D.H. According to the petition, D.H.'s biological father picked the child up for visitation and observed that the child had facial and ear bruising, a tongue injury, an injury on his buttocks, an ankle abrasion, and superficial bruising on his stomach. The father took the child to the emergency room where the injuries were determined to be non-accidental.[2]

In July of 2015, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the following: she left D.H. alone with her live-in boyfriend, D.H. disclosed to her that the boyfriend spanked him and bit his arm and face, D.H. suffered previous injuries while in the boyfriend's custody, and she left D.H. in the boyfriend's continued care. Based on the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Subsequently, the father filed a domestic violence petition against petitioner and obtained emergency custody of D.H.

stipulations, the circuit court found that petitioner and the boyfriend abused D.W. By order entered on August 10, 2015, the circuit court granted petitioner a post-adjudicatory improvement period. Subsequently, a case plan was created to address the conditions of abuse and neglect. As part of the case plan, petitioner was prohibited from having contact with the boyfriend.

In November of 2015, petitioner gave birth to J.W. and the DHHR filed an amended petition.[3] In December of 2015, petitioner stipulated to the allegations contained in the amended petition, which were based on the previous adjudication in D.H.'s case.

In January of 2016, the circuit court held an initial dispositional hearing during which the guardian moved for the termination of petitioner's post-adjudicatory improvement period for non-compliance with the terms and conditions of said improvement period. According to a DHHR worker's testimony, petitioner maintained contact with the boyfriend, repeatedly visited him during his incarceration, and lied about maintaining the relationship. The circuit court denied the guardian's motion and continued the dispositional hearing in order to allow petitioner to continue receiving services pending the final dispositional hearing.

In February of 2016, the circuit court held a final dispositional hearing wherein it again heard testimony that petitioner continued to contact the boyfriend. A DHHR worker testified that petitioner lived in a home owned by the boyfriend's mother, maintained a relationship with the boyfriend, and lied about the on-going relationship. The children's step-mother testified that petitioner communicated to her that she did not "see any problem" in continuing the relationship. At the close of the testimony, the circuit court found that petitioner repeatedly violated the terms of her improvement period and failed to understand the need to terminate her relationship with the boyfriend. The circuit court also found that petitioner failed to benefit from the services provided to her and failed to protect the children from abuse. Based upon its findings, the circuit court determined that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and termination of petitioner's parental rights was in the children's best interests. By order entered on March 3, 2016, the circuit court terminated petitioner's improvement period and terminated her parental rights to the children. It is from this order that petitioner now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if

---

[3]The boyfriend, P.J., is J.W's biological father.

the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period because she was not afforded sufficient time to demonstrate to the circuit court that she ended her relationship with the boyfriend. West Virginia Code § 49-4-610 sets forth when a circuit court may grant, extend, or terminate an improvement period. Further, West Virginia Code § 49-4-610(7) requires the termination of an improvement period "when the court finds that [a parent] has failed to fully participate in the terms of the improvement period." Additionally, we have long held that "[i]t is within the court's discretion to grant an improvement period . . . [and] it is also within the court's discretion to terminate the improvement period . . . if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 2, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993).

In the present case, petitioner failed to fully participate in her post-adjudicatory improvement period. It is clear from the record that the terms and conditions of her post-adjudicatory improvement period required her to have no contact with the boyfriend. The circuit court heard testimony that petitioner made approximately 222 telephone calls to the boyfriend while he was incarcerated and lived in a home owned by one of the boyfriend's relatives. Petitioner also admitted to visiting the boyfriend weekly while he was incarcerated and misrepresented the extent of the contact to the circuit court. The circuit court also heard testimony that petitioner joked to D.H.'s step-mother that the boyfriend "can't beat the child in jail." As such, it is clear that petitioner failed to fully participate in her improvement period or make sufficient progress. For these reasons, we find no error.

Petitioner also argues that the circuit court erred in terminating her parental rights because she was "largely compliant" with the terms and conditions of her improvement period. However, petitioner's argument ignores the statutes that required the circuit court to terminate her parental rights upon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected. Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

At disposition, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse or neglect because she "failed to learn from the services provided to stay away from people who will abuse her children." This finding was

based on the fact that petitioner continued to maintain contact with the boyfriend who abused her children and lied to the circuit court about the communication and ongoing relationship. The circuit court also found that termination of petitioner's parental rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are required to terminate a parent's parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 3, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: November 21, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II